**Order entered May 24, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00548-CR

**SHEREE ESPINOSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-85977-2012**

## ORDER

Court Reporter Tammy K. Landers and the trial court clerk have filed requests for extensions of time to file the reporter's and clerk's records due to non-payment for the records. Those requests are **GRANTED** to the extent of the following relief.

Because no reporter's and clerk's records have been filed within the time allowed, the trial court is **ORDERED** to make findings of fact regarding whether appellant has been deprived of the reporter's and clerk's records because of ineffective assistance of counsel, indigence, or for any other reason.

The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's and clerk's records. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

The trial court shall next determine: (1) whether appellant requested preparation of the reporter's and clerk's records; (2) the dates such requests were made; and (3) whether appellant, if not indigent, paid or made arrangements to pay for preparation of the reporter's and clerk's records. *See* TEX. R. APP. P. 35.3, 37.3.

Regarding the reporter's record, the trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) whether the notes from any hearings are available; (3) if available, whether the notes can be transcribed; (4) the name and address of the court reporter who will transcribe the notes; (5) the court reporter's explanation for the delay in filing the reporter's record; and (6) the earliest date by which the reporter's record can be filed.

Regarding the clerk's record, the trial court shall next determine: (1) the trial court clerk's explanation for the delay in filing the clerk's record; and (2) the earliest date by which the clerk's record can be filed.

We **ORDER** the trial court to transmit to this Court a supplemental clerk's record, containing the written findings of fact, any recommendations, any supporting documentation, and any orders within **thirty (30) days** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty (30) days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    LANA MYERS
        JUSTICE